LOTTINGER, Judge.
Gabe Pete Shaheen filed suit on behalf of his minor son, Joseph Shaheen, against P. C. White and Henry Speaker for damages ex-delicto for injuries received from an alleged automobile collision. No answer was filed by either of defendants and judgment by default was taken against both defendants. Defendant P. C. White has taken this devolutive appeal. Speaker, the other defendant, has not appealed.
The petition alleges that on September 23, 1950, Joseph Shaheen, son of Gabe Shaheen, was riding as a guest in an automobile owned by P. C. White and driven by Henry Speaker, when said automobile was involved in a collision which allegedly occurred through the negligence of Speaker. It appears that Speaker was attempting to pass a car while another car operated by an unknown party was approaching in the opposite direction. Damages are alleged as follows:
Hospital and medical bills at Wig-inton Infirmary.$ 314.75
Pain and suffering as result of injury to head and face. 300.00
Partial disfigurement. 385.25
Total $1000.00
No answer was filed by defendants and judgment by default was confirmed as to both defendants on November 17, 1950, for the full amount claimed.
Upon trial of the matter on confirmation of default, the record shows that Gabe Shaheen was introduced as a witness in his own behalf. He admitted that he was driving the other car involved in the collision, which car, according to the petition, was operated by an unknown individual. He testified, that Spika, evidently referring to defendant Henry Speaker, was attempting to pass another car when he ran into the car operated by Shaheen. Mr. Shaheen testified that he received injuries to the face and neck and that his bill at Wiginton’s Infirmiry was in the sum of $314.75. There was no testimony, nor allegation in the petition, that Speaker was driving White’s car as agent of White, however, Shaheen testified, and the petition alleges, that Speaker was driving with White’s permission. There was, furthermore, no evidence that White was riding in the car with Speaker and young Shaheen. The lower court rendered judgment in favor of petitioner and against defendants in the full amount demanded. Defendant P. C. White has appealed.
The petition sets forth the party plaintiff as follows: “The petition of G. P. Shaheen, a resident of Tangipahoa Parish, Louisiana, in his capacity as administrator for his minor son, Joseph Shaheen, with respect shows:”
Nowhere in the petition does it appear that Gabe Shaheen is suing on his own behalf. The petition sets forth only injuries to young Shaheen. The only evidence as to any damages was the testimony of Gabe Shaheen, the father, as follows:
“Q. Was your bill at Wiginton’s In-firmiry $314.75 ? A. Yes.
“Q. How long were you in the hospital ? A. About two weeks.
“Q. Where were you injured? A. My neck and face.”
Petitioner alleges in his brief that certain errors are contained in the transcript of testimony. He says that the witness was Joseph Shaheen, the son, instead of Gabe Shaheen, the father. He further alleges that, although testimony showing *452 an agency relationship existing between White and Speaker, was given on trial, that said testimony was omitted from the transcript. However there is no proof to show such errors. The transcript is duly certified by the Court Stenographer. The brief of defendants makes no mention of such errors. The only mention of same is the brief filed by petitioner, and, in the absence of proof, we are unable to take cognizance of petitioner’s contention.
Petitioner, in brief, further requests that he be allowed to amend his petition so as to allege the agency relationship between White and Speaker. There is no motion contained in the record requesting same. Article 419 of the Louisiana Code of Practice allows the amendment of the petition after issue is joined, by leave of court. However, in the present case there was no mention of same until after judgment had been rendered and appeal filed. We feel that such request by petitioner came too late, and, in the absence of a formal motion, are unable to give the question further consideration.
The record clearly shows that the petitioner has failed to sustain his burden of proof. The petition alleges injuries to Joseph S'haheen. The evidence adduced upon trial shows only injuries to Gabe Shaheen. Although petitioner alleges error in the transcript of testimony, we feel that he has failed to prove such errors to this court. It certainly would have been little trouble for him to secure an affidavit of the Court Stenographer setting forth such errors. Considering the record as it is, we have the situation where a father brings suit on behalf of his minor son and, upon trial, the only testimony adduced was as to the damages suffered by the father individually. The judgment of the lower court was not in accord with the evidence and, therefore, must be reversed.
Defendant in brief alleges that the petition fails to set forth the fact that the mother of the child is living, and that, in absence of such proof, the father is unable to bring suit on behalf of his minor son without qualifying as tutor. In view of the above, there is no necessity to pass upon this question.
For the reasons assigned the judgment of the lower court is reversed, insofar as it affects defendant, P. C. White, and there is judgment herein in favor of defendant, P. C. White dismissing petitioner’s demand. All costs are to be paid by petitioner.
Judgment reversed.