McBRIDE, Judge.
Plaintiff has taken this appeal from a judgment dismissing his suit on exceptions of no right of action and no cause of action.
Plaintiff sued defendant insurance companies under two policies of fire insurance issued to him, aggregating $1,200, covering his camp located on his property on the east side of Highway 90 between Chef Menteur and the Rigolets, about five miles from the Chef Menteur bridge, in Orleans Parish. The petition alleges that the camp was blown off its pilings onto the adjacent property by the hurricane of -September, 1947; that plaintiff had the good lumber which remained moved from the adjacent property onto his property, for the purpose of constructing the camp as it was originally, and that the underwriters for the defendants knew of this fact. After itemizing the salvaged lumber and estimating that it was worth more than $1,200, he alleges that on November 6, 1947, the lumber was destroyed by a fire. He claims that the defendants, under the policies insuring the camp against loss by fire, are liable unto him for the loss of the lumber. He also seeks to recover statutory attorney’s fees.
We quote verbatim the pertinent allegations of the petition:
“6. That during the hurricane of September, 1947, your petitioner’s camp was blown off its pilings and onto an adjacent piece of property.
“7. That petitioner thereafter had the good lumber which remained moved from the adjacent property and onto his own property, that is, the property on which the camp was originally situated. The lumber thus removed is itemized as follows :
a) 2000 Sq. ft. of Beaded Cealing.
b) 500 Sq. ft. of 6"X6" lumber.
c) 1000 Sq. ft. of T. & G. Flooring
d) 2000 Sq. ft. of 2"X6" lumber.
e) 1000 Sq. ft. of metal roofing.
f) 1500 Sq. ft. of 1"X12" boards.
*357 “7. (sic) That this salvaged lumber was worth far more than $1200.00 the amount of both policies together.
“8. That your petitioner so removed this lumber’for the purpose of constructing the camp as it was originally. That this fact was made known to the Peter F. Pescud, Inc. the underwriters of both insurance policies.
“9. That on November 6, 1947, all of the lumber which petitioner had so removed was completely destroyed by fire.”
Simply stated, defendants’ exceptions are based on the proposition that the policies insured plaintiff’s camp as an entity, and not the materials comprising it, against loss by fire.
We deem the exceptions meritorious.
To be found in a note to the Louisiana case of Monteleone v. Royal Ins. Co., 47 La.Ann. 1563, 18 So. 472, contained in 56 L.R.A., p. 785, No. III, is the following comment: “The decisions all agree that the insurance is upon the building, and not the materials, and they cite in support of this, Nave v. Home Mutual Insurance Co., 37 Mo. 430, 90 Am.Dec. 394, where it was held that a policy of insurance on a building is an insurance on the building as such, and not upon the materials of which it is composed; and if it falls into ruins, and subsequently the materials take fire, the insurer is not liable for the loss.”
In the Monteleone case, our Supreme Court inferentially recognized that a contract of fire insurance covers the building and not the component parts and materials thereof. On page 1568 of 47 La. Ann., on page 473 of 18 So the Court said: “ * * * A total loss may be claimed though the walls of a building stand, and the elements that composed it be not entirely consumed. * * * ”
In the California case of Williams v. Hartford Ins. Co., 54 Cal. 442, 450, 35 Am.Rep. 77, the Court approved the following charge of the trial court to the jury: “A total loss does not mean an absolute extinction. The question is not whether all the parts and materials composing the building are absolutely or physically destroyed but whether, after the fire, the thing insured still exists as a building. Although you may find the fact that after the fire a large portion of the four walls were left standing, and some of the iron-work still attached thereto, still, if you find that the fact is that the building has lost its identity and specific character as a building, you may find that the property was totally destroyed within the meaning of the policy.”
The quoted language from the Williams case was .quoted with approval by our Supreme Court in Hart v. North British & Mercantile Ins. Co., 182 La. 551, 162 So. 177.
The leading and most pertinent case on the subject matter is Nave v. Home Mutual Ins. Co., 37 Mo. 430, 90 Am.Dec. 394. There the evidence showed that the floors of the building which was the subject of the insurance, while being used as a store and warehouse, were heavily loaded with merchandise, and by reason of the overloading, or some defect of construction, before the happening of the fire, fell down and became a mass of rubbish. The fire which occasioned the loss emanated from the fallen materials. In rejecting the suit for loss of the “building” in the fire, the court said: “* * * The subject insured had ceased to be such, and became a mere congeries of materials before the fire occurred, and by reason of a cause not insured against in the policy. * * * The cause of the loss of the subject insured was not the fire, but the fall. That a fire sprang up afterwards in the rubbish, and destroyed the fallen materials, was wholly another matter. The mateials were not insured, the building insured no longer existed as such, and it ceased to exist by reason of a peril not insured against.”
A claim upon a tornado insurance policy for the total loss of a barn blown to1 the ground was considered in the case of Stubbins v. State Farmers’ Mut. Ins. Co., Mo.App., 229 S.W. 407, 408. In rendering a judgment to the plaintiff for the amount of the policy for the total loss of the. barn, the court said: “The evidence shows that the barn was blown down, that ‘it was a *358 wreck.’ Defendant offered to prove -that the barn material remained on the premises, and had a substantial value, and was substantially sufficient to reconstruct a barn of 'this character,’ that the damage to the material did not exceed 25 per cent, and that the barn was rebuilt at a nominal cost from tire material of the old barn. The • court refused this evidence, and this action of the court is complained of as erroneous. We think that the evidence was clearly inadmissible.”
The law is also- well stated in 5 Couch on Insurance, § 1198, p. 4322, as follows: “ * * * If the building is so far demolished by a peril not within the policy as to become a mere mass or congeries of materials, it has undoubtedly lost its distinctive character as the building insured. Again, in determining whether there has been a loss by fire, the walls of a building or structure having fallen, the Court will consider whether the fire operated upon the subject insured as a proximate cause of the loss. That it could not so operate is clear if the building or structure insured had, before the fire occurred, ceased to exist as such, and had become a mere mass or congeries of materials; that is, although not entirely fallen, had become so far demolished as to have lost its distinctive character as the particrdar building insured, owing to a cause not a peril insured against, such as inherent defects or weakness in the building itself, high winds, tornadoes, earthquakes, withdrawal of necessary supports by digging away the underlying or adjacent soil, or some other cause not a peril within the policy. * * * ”
We deem the above to be ample authority for the adjudication of this case. When a fire policy insures a building it is the building as an entity which is insured, and if the building loses its character as such, insurance coverage does not extend to the materials of which it had been composed.
The policies contain these provisions: “Permission granted: * * * (c) to make alterations, additions and repairs and to- complete structures in course of construction, this policy to cover therein and thereon and materials and supplies therefor on the premises or adjacent thereto.”
It is argued to us that whereas appellant removed the lumber for the purpose of constructing the camp anew, protection against loss by fire of the lumber was nonetheless afforded him under the foregoing quoted policy provisions.
It would indeed be placing a strained construction on the provisions to say, because plaintiff intended to1 rebuild the camp, that he was making alterations, additions or repairs to’ the original camp. No alterations, additions or repairs can be made to a thing which has no existence. Nor can it be said that plaintiff was actually completing a structure which was in the course of construction. It seems to us that the quoted stipulations were intended to apply only in a case where alterations, additions or repairs were being made to a tangible structure or building, or where the insurance contract was issued while a building was being erected.
The contention is also advanced by appellant that in view of the tendency of courts to- be reasonable, and even liberal, in construing or interpreting pleadings, we-would be warranted in overruling the exceptions and remanding the case to- the lower court for a disposition on its merits, so that plaintiff may have his day in court. Several cases are cited which it is said are authoritative for the proposition that an affirmative defense, presented through exceptions and triable only on the face of the petition, should not be sustained, unless the allegations of the petition exclude every reasonable hypothesis other than the premise on which the defense is based. We are urged to adopt the view that the petition is vague in that it does not fully set forth detailed facts concerning the camp being lifted from its pilings by the hurricane arid the subsequent removal of the lumber therefrom by plaintiff, and that such being the case there should be a remand of the case so that all of the facts might be set before the court below.
We detect no such vagueness in the petition. Plaintiff unequivocally alleges that the storm of September, 1947, threw *359 his camp onto the adjoining property, and that he subsequently removed the good lumber (all itemized in his petition) for the purpose of rebuilding the camp. The clear import of these allegations impresses the mind with the fact that the camp was either destroyed by the hurricane or dismantled by plaintiff. In either event the camp had ceased to exist before the occurrence of the fire. No other inference can logically be drawn from the petition.
This court, in 1951, in the case of Guiteau v. Southern Parking Co., Inc., La.App., 49 So.2d 880, 882, in stating the modern trend with reference to the dismissal of a suit upon exceptions of no cause of action, said: “First of all, it seems to us quite evident that the modern trend is against the maintenance of exceptions of no cause of action and the consequent dismissal of a suit, unless it clearly appears that the petition either clearly states facts which in themselves destroy the cause of action, or unless it appears that such allegations as are made cannot by interpretation, be made to establish a cause of action. * * * ”
Under the well established jurisprudence, once the building under protection lost its character and identity, the policy contracts afforded plaintiff no protection against destruction of the materials which had once constituted the structure. The petition sets forth unambiguous facts which the defendants might have urged as a defense in answer, and the presence of those allegations in the petition made available such defense to defendants by way of the exceptions.
We attach no significance to the allegation that defendants’ underwriters knew that plaintiff had removed the lumber for the purpose of rebuilding the camp. We are not cognizant of any authority to the effect that such knowledge in the underwriters would tend to broaden policy protection so as to insure the building materials in place of the camp.
Appellant’s counsel also points to, and urges the application to this case of, Act No. 222 of 1928, relative to fire insurance policies issued in this state, providing that no such policy shall be declared void by the insurer for the breach of its provisions, under certain conditions. We find that the cited act was repealed by Act. No. 195 of 1948 (now LSA-R.S. 22:1 et seq.), which establishes the “Insurance Code of Louisiana.”
Our examination of the Insurance Code discloses no provisions therein even remotely affecting the issues of the case under consideration.
Prior to argument, appellant filed with us a motion accompanied by an affidavit executed by him. The motion sets forth that in addition to the destruction of the lumber by the fire, a wooden walkway or ramp which had led 'to the camp, and which it is contended was embraced within policy coverage, was consumed by the fire. By means of the motion, appellant seeks the privilege of amending the petition so as to set forth a claim for the loss of the wooden walkway, or of a remand of the case to the lower court so that he might avail himself of the right to make the amendment there.
Nowhere in the petition is there to be found any allegation concerning the destruction o)f anything but the lumber. No reference whatever is made to a walkway or ramp being lost in the fire.
Code of Practice art. 419 allows an amendment to a petition after issued is joined, by leave of court. However, in the instant case there was no mention made of any loss, save and except of the lumber, until this appeal came before us. The request of the appellant comes too late, and we are fully justified in refusing to' give his motion favorable consideration. Whatever remedy may have existed for rectifying his failure to seasonably amend his petition below, so as to set forth a different or additional cause of action, we are satisfied that no such remedy is made available through the medium of an appeal. As either the allowance of the proposed amendment in this court or a remand for the purpose of permitting the amendment to' be made in the court below would be *360 improper, the motion is overruled. See Shaheen v. White, La.App., 53 So.2d 450.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.