ELLIS, Judge.
The plaintiff filed this suit in which he alleged the defendant insurance company was indebted unto him in the full sum of $2000.00 under the terms of a policy insuring him against loss or damage by fire and lightning or other perils to a one story dwelling situated and located in Lake, Louisiana, which said dwelling had been totally destroyed by a wind and rain storm on or about October 10, 1958. Thereafter, the defendant insurer had refused to pay the loss under the policy which plaintiff alleged entitled him to 12% of the loss, or the sum of $240.00, as a penalty, provided by Section 658, Title 22, LSA-Revised Statutes of 1950, and a reasonable attorney fee of $1000.00 due to the arbitrary and unjustifiable refusal of the defendant to pay the loss.
After trial on the merits the District Judge with brief written reasons dismissed the plaintiff’s suit at his cost and we quote his reasons as follows:
“The Court is of the opinion that the plaintiff has failed to maintain his burden of proving the subject property was damaged or destroyed by a windstorm. His testimony is to the effect that he visited the location of the property on October 10, 1958, and found the building down and flattened. At that time it was raining slightly and the wind was blowing gently. It was his conclusion or opinion that a windstorm earlier in the afternoon had flattened the building. *873 We can not accept such an unsubstantiated conclusion as proof of a windstorm. The testimony of the plaintiff is clear to the effect that the building under construction was substantially damaged when his workmen attempted to move it to another location and that he was of the belief that his policy covered this risk. He even contacted an attorney with reference to this claim. The Court believes that the subject property was materially damaged in the moving attempt which was the proximate cause of its ultimate collapse. Finding that the loss or damage was not occasioned by windstorm or by a hazard within the terms of the policy the suit of the plaintiff will be dismissed.”
The plaintiff has appealed from this judgment and charges the District Judge erred in the following respects:
“1. In his judgment, the lower court judge was in error in not taking into account the fact that plaintiff, Peter T. St. Amant initially purchased from defendant insurance company Two Thousand and No/100 ($2,000.00) Dollars worth of insurance on a building which he planned on moving and which said insurance was to cover any risks on it.
“2. In his judgment the trial court judge was in error in not taking into account the fact that defendant insurance company had notice of the increased physical hazard to the building over ten days prior to the building’s final collapse.
“3. In his judgment the trial court judge was in error in not applying Section 692 of Title 22 of Louisiana Revised Statutes to the case.
“4. In his judgment the trial court judge was in error in limiting his holding to the finding that the insured building was materially damaged in the moving attempt which was the proximate cause of its ultimate collapse.”
As to the first Assignment of Error, there is no doubt the plaintiff purchased from the defendant company $2000.00 worth of insurance on a building which he planned on moving, but we are in entire accord with the finding of the District Judge that the insurance was not to cover any risks incidental to or connected with the moving for the reason that the plaintiff never informed the agent of the defendant company he intended moving this structure which consisted only of 'a skeleton with mainly a roof, the two by four studs, and floor joists. We are again in accord with the finding of fact by the District Judge that he secured this insurance through the agent of the defendant company and told her he had this incompleted building under construction and intended to complete it and never mentioned moving it anywhere.
Before further discussion of the other Assignments of Error, a brief review of the proven facts in the record is necessary. At the request of the plaintiff the agent of the defendant, who was an aunt of the plaintiff, was requested to cover this incomplete structure with a policy in the amount of $2000.00 for fire and lightning loss and extended coverage, described in the face of the policy as “Other Perils”, which included windstorm, hail, and one other, among many, which it is contended is applicable to the present case, viz: “collapse of building (s) or any part thereof * * * ”. Plaintiff first secured a binder and several days later the actual policy was issued, and on this same day the above described incomplete structure was moved off its blocks and put on skids for the purpose of moving it. Somehow in attempting to move this flimsy structure it was pulled completely out of shape and plaintiff told the agent of the company the building had been damaged in an attempt to move it. The agent testified she was shocked “when he told me that he had attempted to move it.” She immediately informed him she would have to report it to the company for cancellation which she did, but the policy was not cancelled. The agent also went to the scene of the house *874 moving and “ * * * I saw it all twisted and just hanging by its eyebrows after I had written the policy.” According to her description, the structure had not fallen down but it was all twisted and the agent further testified, “I knew that it was just going to collapse. I just knew it was bound to.” The defendant’s agent was correct in her belief and knowledge of the condition of the structure for not many days after-wards it did completely collapse and plaintiff contends a windstorm blew it down.
We are in entire accord with the findings of the Trial Judge that plaintiff has utterly failed to prove any windstorm in Lake, Louisiana, as he has produced no evidence other than his own to the effect he was in Gonzales, some four miles away from Lake, and a wind and rain storm passed through Gonzales which he surmised had previously passed through Lake, Louisiana, and when he went over there later he found his building collapsed. He offered not one other witness to substantiate this testimony, nor any other evidence of any kind whatsoever there had been a windstorm of any magnitude at Lake, Louisiana on that day or at Gonzales. We therefore agree the proximate and only cause for the complete collapse of this structure was in attempting to move it.
Plaintiff’s second Assignment of Error is its answer to an alternative defense urged by the defendant that the plaintiff increased the physical hazards and thereby breached the policy which provided:
“Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring: (a) while the hazard is increased by any means within the control and knowledge of the insured.”
 There is not the least doubt but that the plaintiff, in attempting to move this structure and causing it to “kind of collapse,” not only increased the physical hazard but actually left the building in such a condition it would come within the meaning of a collapsed structure, and then and there, as contended by the defendant, ceased to be an insurable structure. The liability of the parties under the contract of insurance was fixed at that time. The damage and collapse of the structure at that time was clearly caused by the attempt to move it which was an uninsured risk.
Counsel for the defendant cites the case of Mix v. Royal Exchange Assur. Co., La.App., 54 So.2d 355, 358, in which the Orleans Court of Appeal reviewed the jurisprudence and held a camp substantially destroyed by a hurricane was not covered by a •fire policy when the remnants were subsequently destroyed by fire. In this case the •court said:
“The law is also well stated in 5 Couch on Insurance, § 1198, p. 4322, as follows ; ‘ * * * if the building is so far demolished by a peril not within the policy as to become a mere mass or congeries of materials, it has undoubtedly lost its distinctive character as the building insured. Again, in determining whether there has been a loss by fire, the walls of the building or structure having fallen, the Court will consider whether the fire operated upon the subject insured as a proximate cause of the loss. That it could not so operate is clear if the building or structure insured had, before the fire occurred, ceased to exist as such, and had become a mere mass or congeries of materials; that is, although not entirely fallen, had become so far demolished as to have lost its distinctive character as the particular building insured, owing to a cause not a peril insured against, such as inherent defects or weakness in the building itself, high winds, tornadoes, earthquakes, withdrawal of necessary supports by digging away the underlying or adjacent soil, or some other cause not a peril within the policy. ♦ * *’ (Emphasis added) *875 “We deem the above to be ample authority for the adjudication of this case. When a fire policy insures a building it is the building" as an entity which is insured, and if the building loses its character as such, insurance coverage does not extend to the materials of which it had been composed.”
We find no merit in the plaintiffs contention the Lower Court was in error in not considering the fact that even though the house had been gravely damaged, the defendant insurance company knew this fact, but did not attempt to cancel the policy. Under the facts there was no necessity for the company to cancel the policy as its liability was fixed when the structure was so “gravely damaged” it ceased to be an insurable structure, which resulted not from any peril covered under the terms of the policy but solely and only because of the negligent manner in which the plaintiff or his agents attempted to move this house. It is also evident from the testimony as found by the District Judge that the completion of the collapse of the structure some ten days subsequent to the attempt made to move it was not caused by any windstorm or any peril insured under the contract. The burden was on the plaintiff to prove this fact before he could recover.
As to Assignment of Error No. 3, we do not believe the Judge of the Lower Court was in error in not applying Section 692 of Title 22 of the LSA-Revised Statutes and particularly that portion of the statute which states: “* * * [notwithstanding the above provisions of this Section, such a breach shall not afford a defense to a suit on the policy * * * if the fact or facts constituting such a breach existing at the time of the issuance of the policy and were, at such time, known to the insurer or to any of his or its officers or agents, * * *”
There is not testimony the defendants or their agents were told or knew the plaintiff intended to move the structure until after he had attempted to do so and had pulled the building practically apart, at which time we believe the rights of the parties under the contract of insurance were fixed. The structure as such at that time had been destroyed as an insurable structure and the-fact it collapsed completely to the ground some ten days later does not alter the case..
We believe what we have said previously answers fully Assignment of Error No. 4.
We find no error in the judgment of the Trial Court and it is accordingly affirmed.
Affirmed.