ABRAM NAVE *et al.*, Respondents, *v.* HOME MUTUAL INSUR-
ANCE COMPANY, Appellant.

*Insurance—Cause of Loss.*—A policy of insurance upon a building is an insur-
ance upon the building as such, and not upon the materials of which it is
composed. If from any defect of construction or overloading the building
fall into ruins, and subsequently the materials take fire, the insurer is not
liable for the loss.

*Appeal from St. Louis Circuit Court.*

*Grover, Sharp & Broadhead,* for appellant.

The contract of insurance is a contract *strictissimi juris.*
(1 Phil. Ins. 231.) It will embrace no other property than
that described. In this case, the insurance is upon a " brick
building, occupied as a wholesale and retail grocery store."
It is not contended that a change in the building was caused
by the assured, or indeed that there was any change or alter-
ation in the building at all.

In this case the company did not insure a lot of rubbish,
but a building. Nothing was insured in this case but a
" building used as a wholesale and retail grocery store," and
the company is liable for the loss of nothing else.

In case of insurance against loss or damage by fire only,
as in this case, the underwriter can only be held liable where
the fire is the effective and direct cause of the destruction of
the subject or thing insured. (1 Phil. Ins. p. 625, § 1097.)

The risk or peril insured against includes only the direct
effect or result of the cause or agency insured against—on
the thing insured—not a remote or incidental result. (1
Phil. Ins. 667–72; 12 Eastm. 647–52.)

If the brick house fell down from a defect in its construc-
tion, or from the floors being overladen by plaintiffs, and this
falling caused its destruction, and also caused fire in the
ruins after it had fallen, the underwriter is not liable. (Boyd
v. Du Boys, 3 Camp. 133.)

*Glover & Shepley,* for respondents.

The instruction given on defendant's motion declares that

"if the house fell before the fire, the defendant was liable for such damage as the fire occasioned, and cannot be controverted here by him." This instruction substantially told the jury that damages occasioned by fire under such circumstances were recoverable on the policy.

The falling of the house was an accidental cause of the fire, and as much covered by the policy as an earthquake, lightning, or fermentation, when they cause fire to the injury of insured property.

Take it in its strongest aspect as a loss remotely occasioned by the negligence of the assured, and this has always been held not to discharge assurers. ( 2 Arn. Ins. 764-7, §§ 284 -5, and cases there cited. See remarks of Denio, J., at p. 19, and Johnson, J., at p. 523, of St. John v. A. F. & M. Ins. Co., 1 Kern. 516 ; Holdsworth v. Wise, 7 B. & Cr. 794.)

HOLMES, Judge, delivered the opinion of the court.

It was conceded that there was evidence in the case tending to show that the building, which was the subject insured, being used as a store and warehouse, and the floors being heavily loaded with merchandise, by reason of the overloading, or of some defect of construction, before the happening of the fire, and without any agency of fire, fell down and became a mass of rubbish ; and that the fire, which occasioned the loss afterwards, arose in the fallen materials. There was evidence also, as it was admitted, tending to support the petition.

The court instructed the jury that, if the building was destroyed by fire as alleged in the petition, the plaintiffs were entitled to recover; and refused to instruct for the defendant, that if the house fell down before the fire, and the fall of the house caused the fire, or the fire was caused by the house falling upon matches or other combustibles, they should find for the defendant.

An instruction was given for the defendant to the effect that, if the house fell before the fire, the defendant was only liable for the damages actually occasioned by the fire, and

not for that occasioned by the fall. On the facts supposed, we are clearly of the opinion that the defendant's instruction ought to have been given. The subject insured had ceased to be such, and became a mere congeries of materials before the fire occurred, and by reason of a cause not insured against in the policy. The maxim "*causa proxima non remota spectatur*" has not application to such a case. If the fire had been the immediate cause of the destruction and the loss, then the remote causes of the fire might have been immaterial. The cause of the loss of the subject insured was not the fire, but the fall. That a fire sprang up afterwards in the rubbish, and destroyed the fallen materials, was wholly another matter. The materials were not insured. The building insured no longer existed as such, and it ceased to exist by reason of a peril not insured against.

The fire must be the efficient cause, and the loss the direct effect of the fire. (1 Phil. Ins. 625.)

The instruction which was given for the defendant proceeded upon an erroneous view of the defendant's liability, and might as well have been refused with the rest.

Judgment reversed, and cause remanded. The other judges concur.