Minshall, J.
The case presents two questions we shall notice: 1. In view of section 3643, Revised Statutes, was the plaintiff bound by the amount fixed by the arbitrators, whether there was a total loss or not? 2. What *54 constitutes a total loss within the meaning of that section, and did the court err in instructing the jury in this particular?
1. We have no difficulty in answering the first question in the negative. The section referred to requires a company insuring any building or structure against fire, to cause such building or structure to be examined by an agent, who is required to make a full description of the building or structure and fix its insurable value; and then provides, that, in the absence of any change increasing the risk without its consent or any intentional fraud on the part of the insured, in case of a total loss, the whole amount stated in the policy on which it receives premiums shall be paid by the company; and in case of a partial loss the full amount of such loss shall be paid. Statutes similar in their provisions are common to many of the states of the Union; and it is generally agreed that they rest on grounds of public policy — the prevention of the mischief incident to over-insurance — and that the insured cannot be held to a waiver of them. Insurance Co. v. Leslie, 47 Ohio St., 409; Seyk v. Insurance Co., 74 Wis., 67; St. Clara Academy v. Insurance Co., 98 Wis., 257; Havens v. Insurance Co., 123 Mo., 403; White v. Insurance Co., 4 Dillon, 177; Insurance Co. v. Eddy, 36 Neb., 461; Reilly v. Insurance Co., 43 Wis., 449; 13 Am. & Eng. Ency. Law, 2d 361. It does not necessarily follow from this that where there is a partial loss, it may not be ascertained by arbitrators; and where there is a clause in the policy requiring arbitration, the parties may be required to conform to it. But where the insured insists that the loss is total, the agreement to arbitrate, or an arbitration had fixing the amount, will not preclude him from bringing a suit as for a total loss. *55 And, in such case, if he establishes that there was a total one, he is entitled to recover the full amount of the policy, notwithstanding the award of the arbitrators was to the contrary, and fixed a less amount as the measure of the loss. But on the other hand, should he fail in establishing a total loss, the amount of his recovery will be limited to the amount of the award, where there was no fraud in obtaining it. The jury was so instructed in this case, and, consequently, there is no error in the charge in this regard.
2. This is the first case in this court presenting the question as to what is a total loss within the meaning, of the section above referred to. For while the subject of a total loss is discussed in Insurance Co. v. Sherlock, 25 Ohio St., 50, it was a case of marine insurance complicated with the question of a constructive loss, known to that kind of insurance. It has, however, received the consideration of the courts of other states, having statutes similar to our own, and whilst there is some difference in modes of expression, there seems to be no substantial difference of opinion. It seems to be agreed that it is not necessary to constitute a total loss, that all the material composing the building should be destroyed; it is sufficient, though some parts of it remain standing, that the building has lost its identity and specific character as a building, the insurance not being upon the material composing the building but upon the building as such. When the loss by fire is such that its character as a building is destroyed, and it remains simply as a mass of ruins, parts of which may remain standing, but of no value in repairing or rebuilding the structure, though something might be realized for the material by removing it, the loss is regarded as total. Thus in Joyce on Insurance, section 3025, it *56 is said “In case of an insurance upon a building under a fire risk, tbe first principle is, that it is tbe building, and not the materials of which it is composed, that is covered, and therefore total loss does not mean necessarily an absolute extinction of every part and parcel of the property. In such risk there is a total destruction and loss when, by the peril of fire, the building becomes a mass of ruins and rubbish, and loses its specific character, and ceased to be a building, becomes unfit for use as such, without regard to the fact that even some parts may be left entire, or that a large portion of the building be left standing and not actually destroyed.” See also, Wood on Insurance, section 107; May on Insurance, section 421a. Williams v. Insurance Co., 54 Cal., 442; Seyk v. Insurance Co., 74 Wis., 67; Havens v. Insurance Co., 123 Mo., 403.
The general charge was quite liberal to the defendant, more so probably than it should have been. The court said to the jury: “There can be no total loss so long as a remnant of the structure standing, the stone foundation being disregarded, is reasonably adapted for use as a basis upon which to restore the building to substantially the condition in which it was before the injury by fire. And whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question before the injury, would in proceeding to restore the building to substantially its original condition, utilize such remnant as a basis for such reconstruction.”
But it is said this is not consistent with instructions 4 and 7 given at the request of the plaintiff. This may be and, as to the seventh, is probably so, but we regard these instructions as having been properly given. They are as follows:
*57 4. A policy of insurance is upon the building as. such and not upon the materials of which it is composed. If you find that the identity and specific character of the insured building was entirely destroyed by fire, then you must find for the plaintiff.”
7. “Although you may find that after the fire a large portion of the four walls were left standing, and that certain parts of the building were left untouched by the fire, still if you find that the building has lost its identity and specific character, you may find that the building was totally destroyed.”
These charges state in a general form what seems to be the received law applicable to the case. The criticism is that the court should have defined what is. meant by “identity” and “specific character.” But taken in connection with the general charge, there could have been no misapprehension as to the meaning. The terms are not obscure and convey as well as words can, the idea to be expressed by them. A building loses its identity and specific character, when it has been so far destroyed by fire that it can no longer be called a building, and the portions that remain cannot be utilized to advantage in rebuilding-it. That something might be realized out of portions that remain, for other purposes, is not material.
As to what will constitute a total loss in a given case, must, within the meaning of the statute, necessarily be, to a «great extent, a question of fact for the jury to determine under proper instructions from the. court. What remaining parts could be made available in rebuiding can only be determined by exercising a sound discretion in the light of the evidence. Two courts with power to weigh the evidence have don© so, and sustained the verdict; and it can hardly be expected that this court, not required to weigh the *58 evidence, will disturb the verdict, where the jury was properly instructed. Much of the evidence tends to show that the building was reduced to a mere wreck, and that nothing remained that could be utilized in rebuilding it.
We see no error in the admission of evidence. The mortgagees being directly interested and parties to the suit, had a right to show what the loss was. And as to the letters of Taylor, they simply tended to show that he had not consented to any waiver by submission to arbitration; and whether he had or not was immaterial.

Judgment affirmed.