THE EVANSTON GOLF CLUB, Appellant, v. THE HOME INSURANCE COMPANY, Respondent.

**Kansas City Court of Appeals, June 18, 1906.**

INSURANCE: Building: Detached Portion: Loss: Recovery. A policy of insurance covered a clubhouse and additions, etc. Under permit for repairs the kitchen was detached some hundred feet and there burned. *Held,* it was not a part of the building as such, and not covered by the policy.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*Albert Young* for appellant.

(1) Section 8012, Revised Statutes of Missouri, 1899, became a part of the contract of insurance by implication with same effect as if embodied in the policy. Christian v. Ins. Co., 143 Mo. 460; Haven v. Ins. Co., 123 Mo. 403; Ritchey v. Ins. Co., 104 Mo. App. 146. (2) The removal of the kitchen from its foundation to another spot did not avoid the policy. The property insured was actually within the description contained in the policy, after as before its removal, and the effect of the removal and the effect of the change, is a question of fact and not of law. All of the instructions of the court herein were violative of the above law. Griswold v. Ins. Co., 70 Mo. 654; Farrell v. Ins. Co., 66 Mo. App. 164; Ostrander on Fire Ins. (2 Ed.), sec. 254; May on Insurance (2 Ed.), sec. 224.

*Fyke & Snider* for respondent.

(1)   We think the only question in the case is, whether or not this detached kitchen was covered by the policies, after it was detached and after it ceased to be a part of the clubhouse. The thing insured, was the building: the clubhouse. The identity. Okeefe v. Ins. Co., 140 Mo. 564.

ELLISON, J.—The defendant insured in two policies the plaintiff against loss by fire of its "two-story frame shingle roof clubhouse and additions, thereto, including foundation, gas and water pipes and fixtures, and all permanent fixtures for heating and lighting as part of the building situated on the north side of Fifteenth street, about one hundred yards east of the Chicago & Alton Railroad tracks between Independence, Missouri, and Kansas City, Missouri. By one of said policies respondent also insured appellant to the extent of $1,700 on clubhouse furniture and fixtures, etc., and $300 on its stock of wines, liquors, cigars and smokers' articles, all while contained in the above described clubhouse building and additions."

At the time these policies took effect, the clubhouse was a single compact building including the kitchen. Afterwards plaintiff procured from defendant a "permit" to "make alterations, additions and repairs for a period of forty days." This permit was to cover the building on of a new kitchen in the place of the one then attached to and a part of the clubhouse. To do this, the contractor detached the old kitchen and removed it away a distance of one hundred feet, but still on plaintiff's grounds. There it stood with the side out which had been next to the building from which it was taken. Shortly thereafter it was struck by lightning and burned. The defendant refused to pay plaintiff's claim for the loss and this suit resulted and was determined for defendant in the trial court.

In O'Keefe v. Ins. Co., 140 Mo. 558, Judge GANTT said, "Over thirty years ago this court in Nave v. Ins. Co., 37 Mo. 430, held that 'a policy of insurance upon a building is an insurance upon the *building as such,* and not upon the material of which it is composed.'" That statement is applicable to the facts of this case. The final disposition of the portion of the building removed was not determined when it was destroyed. It was not determined that it would be reattached to the main building. It was in fact no longer a part of the thing insured; a fact which distinguishes this case from those cited by plaintiff. Borrowing a suggestion of defendant's counsel, is it not plain that if after the new kitchen had been built, the whole building had been destroyed by fire, but the old kitchen standing one hundred feet away had been left unharmed, plaintiff would have claimed a total loss? It is not reasonable to suppose it would have been content to have had the value of the old kitchen deducted.

This case does not present, as plaintiff seems to suppose a question of increase of the risk. The question is, whether a part of the clubhouse, as it was at the time of the fire, was burned.

We regard the judgment of the trial court as for the right party and it is affirmed. All concur.