N. Edward GROUP VON GRAUPEN, Plaintiff,

v.

EMPLOYERS MUTUAL FIRE INSUR-ANCE COMPANY OF WAUSAU, WISCONSIN, Defendant.

Civ. No. 219-65.

United States District Court
D. Puerto Rico,
San Juan Division.

Nov. 7, 1966.

Reuben Barnett, San Juan, P. R., for plaintiff.

Antonio R. Barcelo, Jr., San Juan, P. R., for defendant.

## FINDINGS OF FACT AND CON-CLUSIONS OF LAW

CANCIO, District Judge.

This is an action to recover damages for losses incurred as a result of a fire. The parties have stipulated that:

1. The Plaintiff Group was the owner of the premises and property described in the insurance contract as "dwelling of concrete and wood with galvanized iron roof" located at "Carretera 165–Km.4–Hm.3, Toa Alta-Corozal."

2. A fire occurred during the night of November 21–22, 1964, which completely destroyed the dwelling and its contents except for the foundations and some walls or parts of walls.

3. The Defendant had duly issued to Plaintiff its policy of insurance, Home-

owners Policy No. H326700277250, covering said dwelling and its contents.

4. Said policy was in force at time of happening of the fire.

5. Said policy, by its terms, covered seven hazards, of which four are pertinent to the present action:

(a) Dwelling .. $15,000

(b) Appurtenant Private Structures .. $1,500

(c) Unscheduled Personal Property .. $6,000

(d) Additional Living Expenses .. $3,000

6. Said policy contract is for a term of 3 years, beginning October 1, 1964, with a premium of $536.00, payable in three annual installments, of which the first installment of $190.00 was paid to defendant insurance company and the plaintiff is entitled to recover his loss and damage.

7. Plaintiff complied with the policy provisions set forth in lines 90–122 of page 2 thereof as to notice. He furnished an inventory; he showed cash value of losses claimed; he submitted himself to examinations under oath by the defendant insurance company. The Proof of Loss was in the amount of $20,150.00. The claim was for the totality of the building and its contents under Section 1, coverages A, B, and C, of this policy.

Thus, this Court is left with the one question: what is the money value of the loss and damage resulting from the fire, sustained by the plaintiff, recoverable under the terms and conditions of the insurance contract.

Among his claims, Plaintiff originally alleged the loss of jewelry in the amount of $4,200. During the trial, however, Counsel for plaintiff withdrew the whole amount. Therefore, no finding is necessary in this respect.

Having heard the Plaintiff and witnesses, and having examined the documentary evidence submitted, this Court now enters its findings of fact.

The dwelling, or building, subject of this controversy was a rural residence constructed in part of concrete but mostly of wood. It covered an area of 2,193 square feet within which area were included approximately 322 square feet used as an outside balcony, and 1,871 square feet utilized as living space.

The cash value of this house at the time of its destruction in 1964, as the prices then stood, was $12,000.00. If we subtract from this figure a net depreciation at 3% per annum, the house would be valued today at $11,280.00. And, that is the amount we find that the house was worth at the time it was destroyed by fire.

Aside from the house itself, there was a certain amount of personal property destroyed. Among these, we find that the birdhouse destroyed was worth $45.00. It is clear from the evidence presented that the furniture within the house had been moved out of the premises some time prior to the fire and that very little still remained within. We find that the personal property which the evidence produced showed to be still remaining within the house at the time of the fire and destroyed by it amounted to $500.00.

Finally, the Plaintiff had paid an installment of $190.00 of which $29.64 had been earned by the Insurance Company at the time of the fire (October 1 to November 22, 1964; 57 days at $0.52 per day), thus there remained an unearned portion of $160.36 returnable to the insured.

Thus, we find that the total amount recoverable by the Plaintiff, save findings of law to contrary, is $11,985.36.

Now let us see what amount is recoverable at law, and therefore we enter now upon our conclusions of law.

The contention of the defendant that the policy or contract in its provisions is limited to the payment of actual cash value of dwelling and contents, at the time of loss, deducting from such cash value the valuation of the foundations and walls or parts of walls remaining, is rejected.

The insurance contract is one of indemnity, the purpose being to restore the

insured to the position he had at the date of the fire.

The Plaintiff has complied with the conditions and terms of the policy and has filed his proof of loss of dwelling and contents, sworn to February 16, 1965, the fire having occurred the night of November 21-22, 1964.

The Plaintiff has suffered a total loss of the dwelling and the personal property contained therein.

In the case at bar, it has been conclusively shown by the evidence that the property in question was destroyed to such an extent as to make it totally uninhabitable. The only thing that was left was the foundations and certain concrete walls and pillars obviously damaged to an undeterminable but great extent.

 In a case such as this, where the building, as we here find, has lost its identity and specific character, it is a total loss within the meaning of the policy, notwithstanding the fact that some parts remain standing and might have some salvage value. The insurance is upon the building itself and not upon the materials it has been constructed of. Nave v. Home Mut. Ins. Co., 37 Mo. 430; Williams v. Hartford Insurance Co., 54 Cal. 442; O'Keefe v. Liverpool, L. & G. Ins. Co., 140 Mo. 558, 41 S.W. 922, 39 L.R.A. 819; Pennsylvania Fire Insurance Co. v. Drackett, 63 Ohio St. 41, 57 N.E. 962; Grandview Inland Fruit Co. v. Hartford Fire Ins. Co., 189 Wash. 590, 66 P.2d 827, 109 A.L.R. 1472; Eck v. Netherlands Ins. Co., 203 Wis. 515, 234 N.W. 718; St. Clara Female Academy of Sinsinawa Mound v. Northwestern Nat. Ins. Co., 98 Wis. 257, 73 N.W. 767.

In order to make effective a more complete indemnity, a number of courts have adopted a rule of evidence broad enough as to enable a better understanding of the value of the property involved. Under this rule, the trier of facts may consider that evidence which will reasonably serve to illustrate his judgment. Nebraska Drillers Inc. v. Westchester Fire Ins. Co., (D.C.Colo.), 123 F.Supp. 678; New York Cent. Mut. Fire Ins. Co. v.

Diaks, Fla., 69 So.2d 786; Britven v. Occidental Ins. Co., San Francisco, 234 Iowa 682, 13 N.W.2d 791; Schreiber v. Pacific Coast Fire Ins. Co., 195 Md. 639, 75 A.2d 108; Rochester American Ins. Co. v. Short, 207 Okl. 669, 252 P.2d 490.

In construing the value clause of an insurance policy, and in determining the value of the property insured, there are several tests which the trier of fact may resort to. Among these tests are the market value test, the replacement cost test, and the owner's evaluation test. Neither of these is exclusive of the others and they may be used jointly or alternatively according to the circumstances and the property to be evaluated. Pinet v. New Hampshire Fire Ins. Co., 100 N.H. 346, 126 A.2d 262; McAnarney v. Newark Fire Ins. Co., 247 N.Y. 176, 159 N.E. 902, 56 A.L.R. 1149; Clift v. Fulton Fire Ins. Co., 44 Tenn.App. 483, 315 S.W.2d 29.

Thus we find that Judgment shall be forthwith entered for the Plaintiff in the amounts to be hereafter determined.