A. L. MECCAGE, Plaintiff and Respondent, v. SPARTAN
INSURANCE COMPANY, Defendant and Appellant.
No. 11847.
Decided Nov. 16, 1970.
477 P.2d 115.

136

Lucas, Jardine and Thomas Monaghan, Miles City, Thomas M. Monaghan, Miles City, argued, for appellant.

Gene Huntley, Baker, argued, for respondent.

MR. JUSTICE HASWELL, delivered the Opinion of the Court.

Action by the insured against his insurer to collect a balance allegedly due on a fire loss under a fire insurance policy on a trailer home. The district court of Fallon County, the Hon. Alfred B. Coate, district judge, sitting without a jury, entered judgment for the insured for the full $1,500 balance allegedly due. Defendant insurer appeals from this judgment.

Plaintiff is A. L. Meccage who purchased a used 1959 Frontier Mobile Trailer Home from the Bank of Baker on January 14, 1963 for $3,000. He moved it to his farm in Fallon County where he removed the wheels, placed it on a permanent foundation, and built two additional rooms which he bolted to the trailer home. Sewer, water, power and telephone were connected.

Plaintiff insured the trailer home against fire loss with defendant Spartan Insurance Company through its agent, the Bank of Baker. The fire insurance policy was a valued policy in the amount of $3,000 covering the trailer house itself but not its contents. The insurance policy was renewed annually thereafter. Plaintiff testified the insurer's agent had been informed of the fact that the trailer had been placed on a permanent foundation and its wheels removed, in order to secure lower insurance rates.

The tax assessment sheets of Fallon County for the years

1964, 1965, and 1966 show that the mobile trailer home had been classified as Class 2 personal property under section 84-301, R.C.M.1947, and had an assessed valuation in 1964 of $1,450; $1,650 in 1965; and $1,270 in 1966. Plaintiff had signed the personal property assessment sheet showing such classification and assessment for each of these three years.

On February 18, 1967 the trailer home burned. The floor was burned out of it and the frame was subjected to such intense heat that it buckled and sagged. The refrigerator, stove, sinks and bathtub, which were not covered by insurance, were salvaged by the insured and traded in for a $500 credit on a new trailer. The salvage on the trailer house, plus the wheels which were not damaged, were sold by the insurer back to the insured for $101.50.

Plaintiff signed a proof of loss calling for payment of $1,500 by the insurer and received a check in that amount in payment. He cashed this check on advice of his attorney and sued the insurer for the $1,500 balance remaining of the $3,000 valuation contained in the policy.

Three issues for review are presented on this appeal:

1. Was the mobile trailer home an "improvement on real property" within the meaning of Montana's "valued policy" statute?

2. Was the mobile home wholly destroyed by fire?

3. Does the insured's proof of loss and his cashing of the insurer's $1,500 check bar his claim for the additional $1,500?

Defendant's principal contention centers on the first issue. Defendant claims plaintiff is estopped from contending that the mobile trailer home is other than personal property thus rendering Montana's "valued policy" statute inapplicable. The basis of defendant's claim of estoppel is that plaintiff signed the tax assessment lists for three years prior to the fire wherein the mobile trailer home was classified as personal property; that plaintiff thereby reaped a tax benefit in that Class 2

personal property is assessed at 20% of its true and full value, while Class 4 improvements on real property are assessed at 30%; therefore plaintiff, having reaped tax benefits by claiming the trailer home as personal property cannot now change his position and reap additional benefits by claiming it is an improvement to real property.

Montana's "valued policy" statute is section 40-4302, R.C.M. 1947, reading in pertinent part as follows:

"Whenever any policy of insurance shall be written to insure any improvements on real property in this state against loss by fire  *  *  *  the amount of insurance written in such policy shall be taken conclusively to be the true value of the property insured, and the true amount of loss and measure of damages  *  *  *."

A "valued policy" being one in which the parties agree on the value of the subject matter of the insurance (Billmayer v. Farmers Union Property & Cas. Co., 146 Mont. 38, 404 P.2d 322) and the fire insurance policy in the instant case fixing a value of $3,000 on the mobile trailer home, the question has been raised as to whether the mobile trailer home is an "improvement on real property" within the meaning of the foregoing statute thereby rendering such statute applicable.

Although definitions of improvements to real estate contained in our taxation statutes are not necessarily determinative of the meaning of similar terms in the "valued policy" statute, even under our tax statutes the mobile home qualifies as an improvement to real estate. Section 84-101, R.C.M.1947, provides in pertinent part:

"The term 'improvements' includes all building, structures  *  *  *  affixed to the land  *  *  *."

Here the mobile trailer home was clearly affixed to the land in that it rested on a permanent foundation and was connected to a sewer. The mobile trailer home here is equally an improvement on real property under various dictionary and property law definitions. Any way it is viewed, the

mobile trailer home here is an "improvement on real property" within the meaning of our "valued policy" statute.

There is no basis for claiming an estoppel against such claim by the plaintiff here. The elements of estoppel are lacking. The record is devoid of any false or misleading representation by plaintiff to defendant insurer. There is nothing to indicate reliance by defendant insurer on the tax classification of plaintiff's property. Whatever the county's rights may be here, defendant insurer has no basis for claiming thereunder. Defendant insurer's right to invoke estoppel cannot be measured by the county's right.

Proceeding to the second issue assigned for review, we are confronted with defendant's claim that the mobile trailer home was not wholly destroyed in that many items, such as the refrigerator, stove, bathtub and two sinks, were not destroyed but were traded for a $500 credit on a new trailer and the salvage of the trailer itself plus its undamaged wheels was $101.50.

The answer to this issue lies in the correct interpretation of the phrase "wholly destroyed" as used in section 40-4302, R.C.M.1947, heretofore quoted in pertinent part.

Although Montana has not as yet litigated the meaning of this phrase, many other states have. See Horine v. Royal Ins. Co., 199 Mo.App. 107, 201 S.W. 958, 963; Eck v. Netherlands Ins. Co., 203 Wis. 515, 234 N.W. 718, 719; McKenzie v. Fidelity-Phenix Fire Ins. Co., 133 Kan. 721, 3 P.2d 477; Harriman v. Queen Ins. Co., 49 Wis. 71, 5 N.W. 12, 23; German Ins. Co. v. Eddy, 36 Neb. 461, 54 N.W. 856, 857.

Wisconsin, whose "valued policy" statute is the same as Montana's section 40-4302, in Oshkosh Packing & Provision Co. v. Mercantile Ins. Co., D.C., 31 F. 200, 204, has defined "wholly destroyed" in the following manner:

"The expression 'wholly destroyed' in this statute is equivalent to total loss; and total loss, as applicable to a building, (for this statute relates only to real property,) means, not

that the materials of which it is composed were all utterly destroyed or obliterated, but that the building, though some part of it may remain standing, has lost its identity and specific character as a building, and instead thereof has become a broken mass, or so far in that condition that it cannot be properly any longer designated as a building. When that has occurred, then there is a total destruction or loss. May, Ins. § 421a. Or, as it is said in one of the authorities which treats of this question, a total loss does not mean an absolute extinction. The question is not whether all the parts and material composing the building are absolutely or physically destroyed, but whether, after the fire, the thing insured still exists as a building. 1 Woods, Ins. § 107."

In Group Von Graupen v. Employers Mutual Fire Ins. Co., D.C., 259 F.Supp. 934, 936 (1966), a similar holding is expressed in this language:

"In a case such as this, where the building, as we here find, has lost its identity and specific character, it is a total loss within the meaning of the policy, notwithstanding the fact that some parts remain standing and might have some salvage value. The insurance is upon the building itself and not upon the materials it has been constructed of. Nave v. Home Mut. Ins. Co., 37 Mo. 430; Williams v. Hartford Insurance Co., 54 Cal. 442; O'Keefe v. Liverpool, L. & G. Ins. Co., 140 Mo. 558, 41 S.W. 922, 39 L.R.A. 819; Pennsylvania Fire Insurance Co. v. Drackett, 63 Ohio St. 41, 57 N.E. 962; Grandview Inland Fruit Co. v. Hartford Fire Ins. Co., 189 Wash. 590, 66 P.2d 827, 109 A.L.R. 1472."

The trailer home here was clearly destroyed as a trailer home although some articles were salvaged and the frame could be repaired for use as a "bale hauling" trailer in farm or ranch operations. The frame, although still standing, had buckled and sagged from the intense heat and had lost its identity as a building. It was wholly destroyed as a trailer home although individual materials were salvaged and had

some value. As the subject of the insurance here was a trailer home and not the materials of which it was constructed, and as the trailer home was totally destroyed as a building, we hold that it was "wholly destroyed" within the meaning of Montana's "valued policy" statute, section 40-4302, R.C.M. 1947.

■ The final issue for review is whether plaintiff insured, by signing a proof of loss calling for payment of $1,500 by the insurer together with the subsequent acceptance and cashing of the insurer's check in that amount, is barred from claiming the additional $1,500 under his policy fixing a valuation of $3,000 on the mobile trailer home.

Defendant insurer contends that plaintiff is foreclosed from recovery of the additional $1,500 in the present action, citing Norum v. Ohio Oil Co., 83 Mont. 353, 369, 272 P. 534, 539, to this effect:

"The law favors the settlement of business transactions by the parties, and when they have made such settlements they will be held bound thereby, in the absence of fraud or mistake."

*Norum* involved a partial payment of a debt and while the cited rule applied to such a situation, it is totally inapplicable to partial payment of a total loss under a valued policy. The correct law and rationale of the latter is well expressed by the following excerpt from 44 Am.Jur.2d, Insurance, § 1645:

"Claims for total loss under valued policies of insurance on property are considered liquidated demands, and in accordance with the rule relating to accords and satisfaction generally, settlements between the insurer and the insured under such policies for a sum less than the face of the valued policy have been held not supported by a consideration and not to constitute a bar to a recovery of the balance of the face value where a total loss was shown * * *."

In the instant case there is a failure of consideration in foregoing the larger amount, and acceptance by the insured of a lesser amount does not amount to a complete settlement and discharge of the insurer's obligation under the policy.

For the foregoing reasons, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY, JOHN HARRISON, and CASTLES, concur.