CENTURY CORPORATION, Plaintiff and Respondent, v.
PHOENIX OF HARTFORD, Defendant and Appellant.

No. 11924.
Decided March 8, 1971.
Rehearing Denied April 12, 1971.
482 P.2d 1020

Poore, McKenzie & Roth, Butte, Allen R. McKenzie (argued),
Butte, for appellant.

Neil J. Lynch (argued), Butte, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an action by the insured, Century Corporation, against its insurer, Phoenix of Hartford, to collect for a fire loss under a standard fire insurance policy. The district court of Silver Bow County with a judge presiding without a jury, entered a judgment for the insured for the full $10,000 allegedly due under the policy. Defendant insurer appeals.

On or about May 13, 1968, plaintiff purchased the Park Hotel in Butte from Silver Bow County as a result of a tax sale. The Park Hotel had been abandoned and the county had taken title in lieu of unpaid taxes. Several attempts had been made by the county, prior to this sale, to dispose of the property at a tax sale—all without success. Plaintiff bid $1,000 for the property at the tax sale but later negotiated with the county and a sale price of $1,500 was agreed on. Thereafter a contract for purchase was entered into with the county providing for a down payment in the amount of $300, the balance to be paid in five annual installments. At the trial testimony revealed that plaintiff intended to clean up the property, a 4 story building, and remodel it into an apartment building. The contract of purchase entered into with the county provided that plaintiff would insure the building for $1,500 and in case of loss the insurance would be payable to the county as its interest appeared.

Plaintiff purchased insurance in the amount of $30,000 through the Dolan Agency in Butte. Three insurance companies were involved, Reliance Insurance Company, Westchester Fire Insurance Company and Phoenix of Hartford, defendant herein. Each company issued a policy for $10,000 covering the same property. Defendant Phoenix of Hartford contested the proof of loss submitted by plaintiff after a fire gutted the building on June 30, 1968. Reliance Insurance Company and Westchester Fire Insurance Company between them paid $18,000 to $19,000 under their policies. The proof of loss form alleged a loss of

$54,549, which sum plaintiff said was an estimate of the cost to put the building into the condition it was before the fire.

Between the time of purchase of the building and the fire, plaintiff, through another corporation owned and controlled by plaintiff, spent an estimated $2,500 cleaning up the building preparatory to remodeling it into an apartment house.

During the trial an unexplained conflict arose as to the date of the issuance of the insurance. Defendant's policy, issued by the Dolan Agency, is dated April 4, 1968. The contract for deed between plaintiff and Silver Bow County is dated May 13, 1968. The record reveals that the Montana Fire Rating Bureau checked and verified the building for fire rating purposes on April 9, 1968 and approved the application for insurance on April 11, 1968. Plaintiff paid the yearly premium on the insurace policy June 17, 1968. Upon these facts the trial court entered judgment in the amount of $10,000 for plaintiff.

Defendant-appellant presents several issues for review on this appeal but in our opinion only three of these specified issues are controlling. First, was the policy of insurance a valued policy or an open or unvalued policy? Second, did the plaintiff have an insurable interest at the time of the loss? Third, what was the actual cash value of the property at the time of the loss?

The first issue requires the interpretation of a clause in the policy. The issue is whether this clause makes the policy a "valued policy" or an "open" policy.

The clause is as follows:

"In consideration of the provisions and stipulations herein or added hereto and of the premium above specified, this Company, for the term of years specified above from inception date shown above at noon (Standard Time) to expiration date shown above at noon (Standard Time) at location of property involved, to an amount not exceeding the amount(s) above specified, does insure the insured named above and legal representatives, *to the extent of the actual cash value of the property at the time of loss,* but not exceeding the amount which it would

cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured * * *.'' (Emphasis supplied).

Fire insurance policies are contracts, subject to the law of contracts, and are construed and interpreted as other contracts are, though subject to some special rules or principles evolved by their peculiar character and the exigencies of the insurance business. Turner, Dennis & Lowry Lumber Co. v. St. Paul Fire & Marine Ins. Co., 9 Cir., 290 F. 541; Park Saddle Horse Co. v. Royal Indem. Co., 81 Mont. 99, 261 P. 880.

Appellant alleges that in applying for this coverage the respondent corporation did not intend to represent that the market value of the property as of April 4 or May 13, 1968 was $10,000 but that this amount was intended to cover the additional value that would accrue to the building as a result of the contemplated remodeling work. The testimony of Clair Boulet, sole owner of the corporate shares of Century Corporation, bears this out. He testified as follows:

''Q. Now, the fact is, Mr. Boulet, that when you purchased this insurance, the—you wanted—you had in mind a remodeling program as you testified to? A. Yes.

''Q. And at the time you purchased the insurance you wanted to be sure that any improvements that you had to the building and anything that went in and the value added during the course of your remodeling would be covered in the event of loss? That was your intention, was it not? A. I also wanted liability on it due to if somebody fell down on the sidewalk or fell down the stairs. I thought I'd do the whole thing at one time.

"Q. So that you wanted fire protection so that any additional value added by your work would be covered in the event of loss? A. Yes.

"Q. Isn't that true? A. Yes.

"Q. Now, so far as your dealing with Phoenix of Hartford, you did not intend to represent the market value as of April 4, '68, or as of the time you acquired an interest in the contract was ten thousand dollars at that time, did you? A. No, I didn't."

Appellant argues that section 40-4302, R.C.M.1947, is controlling. This Court has considered section 40-4302 in two recent cases, Meccage v. Spartan Ins. Co., 156 Mont. 135, 477 P.2d 115, 27 St.Rep. 770 and Billmayer v. Farmers Union Property & Cas. Co., 146 Mont. 38, 42, 404 P.2d 322.

In *Billmayer* this Court said:

"In 44 C.J.S. Insurance § 48, p. 496, a valued policy is defined as one in which the parties agree on the value of the subject matter of the insurance. (And see R.C.M.1947, § 40-4302.)

"An open or unvalued policy is one in which the value of the subject matter is not fixed by the policy, one in which the amount of liability is left open to be determined according to the actual loss, either by agreement of the parties or on proof in compliance with its terms or with the rules of evidence. (And see R.C.M.1947, § 40-4301.)."

Clearly, from the testimony given here by Boulet, the policy was intended to cover the property and additional value added by work done on the building. This falls within the definition of an "open or unvalued policy," and the trial court erred in holding otherwise.

■ The second issue concerns whether or not respondent had an insurable interest at the time of loss. Appellant argues that because of the date the policy was issued, April 4, 1968, and the date of the purchase, May 13, 1968, respondent had no insurable interest as of the policy date and therefore no obligation is owed to respondent. With this position we cannot agree.

The district court found that the respondent had an insurable interest and we see no reason to disturb that finding. We do not feel it would make any difference in this case because there was a valid insurance contract in effect at the time of the loss. See Hooper v. Robinson, 98 U.S. 528, 25 L.Ed. 219.

As to the third issue, the actual cash value of the property at the time of the loss. The testimony establishes that respondent was purchasing the building, on contract, for the sum of $1,500 and at the time of the institution of this action he was not in arrears in his payments. In addition, respondent expended $2,500 for the cleaning of the building in preparation for remodeling. These amounts are the direct loss suffered by the respondent that should be considered where there has been a loss covered by "an open or unvalued policy," and not otherwise excluded.

The cause is remanded to the district court with directions to grant a new trial, unless within 10 days after remittitur is filed, the respondent shall by written consent agree that the judgment may be reduced to $4,000, subject to the county's being paid its interest, together with interest at 6% from April 17, 1970. If such consent is given, the judgment will be modified accordingly and, as modified, will stand affirmed. If such consent is not given the court is directed to grant a new trial.

In the event the reduction is accepted, each party shall pay its own costs on this appeal, but in the event the reduction is not accepted and the case finally stands reversed, appellant shall be entitled to costs as in ordinary reversals under the rules of this Court.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES DALY, HASWELL, and CASTLES, concur.