United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-30946

DARYL CHAUVIN,

Plaintiff

v.

STATE FARM FIRE & CASUALTY CO.,

Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CARITHA WILLIAMS, individually and on behalf of all

others similarly situated;

Plaintiff - Appellant

v.

STATE FARM FIRE & CASUALTY CO.,

Defendant - Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DORIS L HUNTLEY, individually and on behalf of all

others similarly situated;

Plaintiff - Appellant

v.

ALLSTATE INDEMNITY COMPANY,

Defendant - Appellee

************************************************************

DANI BABINEAUX, individually and on behalf of all
others similarly situated;

Plaintiff - Appellant

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Defendant - Appellee

************************************************************

DONALD J. HAYDEL, SR., individually and on behalf of all
others similarly situated;

Plaintiff - Appellant

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

Defendant - Appellee

2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RICHARD GANUCHEAU, individually and on behalf of all
others similarly situated;

        Plaintiff - Appellant

v.

LEXINGTON INSURANCE COMPANY

        Defendant - Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOSEPH MONIZ; MARIE MONIZ; LAURENCE TREIGLE;
EDITH TREIGLE; SCOTTY LOPEZ; BRANDI LOPEZ; KEITH DWYER;
MICHAEL COLLONGUES; RANDALL MCCANTS; DEBRA MCCANTS; JAMIE
LAURERIRO; TRUDY LAURERIRO; SIMEON DELACRUZ; CAROL DELACRUZ;

        Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY CO

        Defendant - Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DARYL CHAUVIN; CATHY CHAUVIN, Individually and on behalf of

all others similarly situated; MICHAEL GARNETT, SR; MICHELLE
GARNETT, Individually and on behalf of all others similarly
situated; LEE SUCHERMAN; ELLEN SUCHERMAN, Individually and on
behalf of all others similarly situated; JOHN BERRYMAN;
CATHERINE BERRYMAN, Individually and on behalf of all others
similarly situated; GERALD COOPER; BETTY COOPER, Individually
and on behalf of all others similarly situated; ANTHONY SMITH;
ADA SMITH, Individually and on behalf of all others similarly
situated; LATOYA WILLIAMS, Individually and on behalf of all
others similarly situated; TERRY SAMPIA, Individually and on
behalf of all others similarly situated; JANET LABIN,
Individually and on behalf of all others similarly situated;

                    Plaintiffs - Appellants

v.

STATE FARM FIRE & CASUALTY CO; HARTFORD INSURANCE COMPANY
OF THE MIDWEST; ALLSTATE INSURANCE CO; METROPOLITAN
PROPERTY AND CASUALTY INSURANCE CO; ENCOMPASS PROPERTY AND
CASUALTY COMPANY; UNITED SERVICES AUTOMOBILE ASSOCIATION;
STANDARD FIRE INSURANCE CO, One of the Travelers Property
Casualty Companies; AUTO CLUB FAMILY INSURANCE COMPANY;
MASSACHUSETTS BAY INSURANCE

                    Defendants - Appellees

4

```
***************************************************************
```

KIMBERLY BORNE

                Plaintiff - Appellant

v.

ALLSTATE INDEMNITY CO.,

                Defendant - Appellee

```
***************************************************************
```
                _____

                     No. 07-30033

                _____

RICHARD MAZIARZ,

                Plaintiff - Appellant

v.

AUTO CLUB FAMILY INSURANCE COMPANY (AAA),

                Defendant - Appellee

---

Appeals from the United States District Court For the Eastern
District of Louisiana, New Orleans Division

---

Before HIGGINBOTHAM, DAVIS and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiffs are homeowners who sued their insurers, alleging that their homes were totally destroyed in Hurricanes Katrina and/or Rita. They appeal the district court's order granting the defendant-insurers' motions to dismiss and/or motions for judgment on the pleadings, concluding that Louisiana's Value Policy Law does not apply when a total loss does not result from a covered peril. For the following reasons, we AFFIRM the order of the district court dismissing the homeowners' claims.

## I. BACKGROUND[1]

Plaintiffs (the "homeowners"), both individuals and putative class representatives, are homeowners who allege that Hurricanes Katrina and/or Rita rendered their homes total losses. When their homeowner's insurers (the "insurers") refused to reimburse them for the full value of their homes as stated in their policies (the "agreed face value"), the homeowners filed suit against the insurers, alleging that they were entitled to the agreed face value pursuant to La. Rev. Stat. Ann. § 22:695, Louisiana's Valued Policy Law ("VPL").[2] All of the insurance policies cover damage caused by

---

[1]Many of the cases involved in this appeal were transferred to Section "R" of the Eastern District of Louisiana for disposition of the issues relating to the interpretation and application of Louisiana's Valued Policy Law.

[2]The operative provision of Louisiana's VPL provides:

A. Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the

6

wind and rain, but contain a clause excluding coverage for damage caused by flood.[3]

The insurers filed Fed. R. Civ. Proc. 12(b)(6) motions to dismiss and Fed. R. Civ. Proc. 12(c) motions for judgment on the pleadings, arguing, inter alia, that (1) the VPL applies only to a total loss resulting from fire; and (2) even if the VPL extends to perils other than fire, the VPL does not allow full recovery when the total loss is not caused by a covered peril. In response, the homeowners argued that the VPL does apply to non-fire perils and that the VPL requires an insurer to pay the agreed face value when (1) the property is rendered a "total loss," even if the "total loss" is due to an excluded peril; so long as (2) a covered peril causes some damage, no matter how small, to the property.[4]

covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer. Coverage may be voided under said contract in the event of criminal fault on the part of the insured or the assigns of the insured.

[3]The exclusion found in Allstate's policy is typical. It reads:

We do not cover loss to the property described in **Coverage A - Dwelling Protection or Coverage B - Other Structures Protection** consisting of or caused by:
1. Flood, including but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

[4]At the hearing on the insurers' motions to dismiss, the homeowners conceded that, if the court did not adopt their interpretation of the VPL, then their claims fail. In particular, the following exchange occurred between the court and counsel for the homeowners (more specifically, counsel

7

In a well-reasoned opinion, the district court granted the insurers' motions. Assuming without deciding that the VPL applied to non-fire perils, the district court first held that, regardless of whether the statutory language of the VPL is considered ambiguous, the homeowners' interpretation would lead to absurd

---

for homeowners in the consolidated cases of <u>Chauvin</u>, <u>Garnett</u>, <u>Sucherman</u>, <u>Berryman</u>, <u>Cooper</u>, and <u>Smith</u>, among others):

|            |            |
|------------|------------|
| [The Court]: | . . . . Let me ask you this. I'm trying to figure out what I'm ruling on. If I agree with you, then I can see how that scenario spins out. If I disagree with you, where are we? Does that mean that the plaintiffs have no claim? |
| [Counsel]: | Well, the claim that we made on behalf of our clients is under the Valued Policy Law. If you find that the Valued Policy Law does not mean what we say it means, then I guess our claims are not there. There may be some others who have made different claims on ambiguity of the policy and what may be covered and what may not be covered, but we have alleged . . . that this is a valued policy, that we alleged that we suffered total loss, and that we had covered loss of the damage to the property. Now, we haven't specified what it is, but if the Court were to rule that only total covered damage is payable under the Valued Policy Law . . . then there may be some people in the group that might recover. |

. . . .

|            |            |
|------------|------------|
| [The Court]: | You're telling me that it is essential to your claim that there be a determination that any covered loss, however small, in conjunction with a total loss, triggers the policy, that that is the crux of your claim? I just need to know. |
| [Counsel]: | Your Honor, it triggers the application of the statute. |

As a result, the only issue before the district court was whether, as a matter of law, any amount of damage caused by a covered loss, however small, triggered the VPL, even though the total loss was the result of a non-covered peril.

8

consequences. The court concluded that the focus of the VPL was on establishing the value of the property in the event of a total loss, and was not intended to expand coverage to excluded perils. Thus, the court determined that the VPL does not apply when a total loss does not result from a covered peril.

The homeowners then filed the instant appeal. While this appeal was pending, the homeowners filed a motion asking us to certify the questions regarding the construction of the VPL to the Louisiana Supreme Court, which we denied.[5] The homeowners also filed a motion requesting that we stay our decision in this case pending the appeal of two Louisiana state court decisions, which we also denied.

## II. DISCUSSION

We review de novo a district court's dismissal pursuant to Fed. R. Civ. Proc. 12(b)(6) and 12(c).[6] The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).[7] We accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8] The motion to dismiss should not be granted unless the plaintiff would not be entitled to relief under

---

[5]To the extent that the homeowners once again ask us to certify the questions before us to the Louisiana Supreme Court, we decline to do so.

[6]Ballard v. Wall, 413 F.3d 510, 514 (5th Cir. 2005); Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).

[7]Johnson, 385 F.3d at 529.

[8]Ballard, 413 F.3d at 514.

9

any set of facts that he could prove consistent with the complaint.[9]

We also review a district court's determination of state law de novo.[10]  In the absence of a final decision by the state's highest court on the issue at hand, it is our duty to determine, in our best judgment, how the highest court of the state would resolve the issue.[11]

Because we conclude that the VPL does not apply to a total loss not caused by a covered peril, we assume for purposes of this opinion that the VPL applies to non-fire perils.

### A.  THE LANGUAGE OF LOUISIANA'S VALUED POLICY LAW

The homeowners maintain that they are entitled to the agreed face value of their policy under the VPL because their homes sustained some damage from wind, a covered peril, even though the total loss resulted from flooding, a non-covered peril.  On the other hand, the insurers contend that the VPL does not require them to pay the agreed face value of the policy because the total loss was not caused by a covered peril.

In determining which interpretation of the VPL the Louisiana Supreme Court would likely adopt, we begin with the language of the statute and the rules of construction provided in the Louisiana

---

[9]Id.

[10]Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

[11]Transcon. Gas Pipe Line Corp. v. Transp. Ins. Co., 953 F.2d 985, 988 (5th Cir. 1992).

10

Civil Code.  Louisiana's VPL provides, in relevant part:

> A. Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, <u>in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property</u> which occurs during the term of the policy at such valuation without deduction or offset, unless a different method is to be used in the computation of loss, in which latter case, the policy, and any application therefor, shall set forth in type of equal size, the actual method of such loss computation by the insurer . . . .[12]

The statutory interpretation articles in the Louisiana Civil Code provide that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."[13]  However, "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law."[14]  When interpreting a statute, "[t]he words of a law must be given their generally prevailing meaning,"[15] and "[w]hen the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of

---

[12]La. Rev. Stat. Ann. § 22:695(A) (emphasis added).  The parties do not dispute that the homeowner's policies involved in this suit are "valued policies" within the meaning of the VPL.

[13]La. Civ. Code art. 9.

[14]<u>Id.</u> at art. 10.

[15]<u>Id.</u> at art. 11.

11

the law as a whole."[16]

We agree with the district court that the language of the VPL is not clear and unambiguous.[17] In particular, the critical language in the statute providing that "in the case of a total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property"[18] is susceptible of two possible meanings: (1) in the event of a total loss, an insurer is required to pay the homeowner the agreed full value of a policy as long as a covered loss causes some damage to the property, even if a non-covered peril renders the property a total loss; or (2) an insurer is only required to pay the homeowner the agreed face value of a policy when the property is rendered a total loss by a covered loss. We therefore must interpret the statute in a manner that best conforms to the purpose of the law.[19]

The VPL was enacted to fix the value of the insured property in the event of a total loss and thus, operates as a form of

---

[16]Id. at art. 12. The homeowners' argument that any ambiguity in the VPL must be construed in their favor is meritless. Unlike ambiguities in insurance contracts, which are construed in favor of the insured and against the insurer, a statute is "interpreted according to the principles of statutory construction, without leaning to one side or the other." Compare Pareti v. Sentry Indem. Co., 536 So. 2d 417, 420 (La. 1988) with P.O.P. Constr. Co. v. State Farm Fire & Cas. Co., 328 So. 2d 105, 107 (La. 1976).

[17]We note that even if we were to hold that the language of the VPL was clear and unambiguous, we would still reject the interpretation offered by the homeowners because such interpretation would lead to "absurd consequences." See La. Civ. Code art. 9.

[18]La. Rev. Stat. Ann. § 22:695(A).

[19]See La. Civ. Code art. 10.

liquidated damages.[20]   As stated by the Louisiana Fourth Circuit

Court of Appeal:

> Valued policy laws or so-called total losses statutes
> dealing with Fire Ins. policies were enacted by many
> states in the late 1800's and early 1900's principally as
> a protective measure for insureds. In general, these
> valued policy laws require that in case of total loss to
> an insured's property from certain specified perils, the
> amount stated in the policy declarations is considered
> the value of the structure at the time of loss and is
> payable in full. In other words, if the value of property
> is less than the amount of insurance on a policy covering
> a building in a state having such a law, the insurer is
> precluded in most states from arguing that a lesser sum
> be paid, i.e., actual cash value . . . .
>
> The legislative intent of these laws was to prevent over-
> insurance and other abuses, that is, to keep insurers and
> their representatives from writing insurance on property
> for more than it is actually worth.
>
> A second reason for valued policy laws is to encourage
> insurers and producers to inspect risks and assist
> prospective insureds in determining insurable value of
> properties . . . . It follows that failure of an insurer
> to inspect a risk for valuation purposes can lead to
> over-insurance and can produce a moral hazard as well. In
> other words, if a building is insured for more than its
> actual worth, an insured might be indifferent about loss
> prevention. This situation might even give an insured an
> incentive to intentionally cause damage to his
> structure.[21]

In other words, according to the Louisiana courts, the VPL was

adopted for two main purposes: (1) to keep insurers from writing

insurance on property for more than it was actually worth,

---

[20]See Hart v. N. British & Mercantile Ins. Co., 162 So. 177, 181 (La. 1935); The Forge, Inc. v. Peerless Cas. Co., 131 So. 2d 838, 840 (La. Ct. App. 2d Cir. 1961).

[21]Atlas Lubricant Corp. v. Fed. Ins. Co. Of New Jersey, 293 So. 2d 550, 556 (La. Ct. App. 4th Cir. 1974).

collecting premiums based on that overvaluation, and later arguing that the property was worth less than the face value when the property was destroyed; and (2) to discourage intentional destruction of property by insureds when they are permitted to over insure their property.[22]

## B. APPLYING THE VPL TO CLAIM OF TOTAL LOSS CAUSED BY A NON-COVERED PERIL

After considering the purposes of the VPL, we are convinced that the insurers' construction of the VPL best conforms with its legislative purpose and thus, the VPL only requires an insurer to pay the agreed face value of the insured property if the property is rendered a total loss from a covered peril.[23]

As the district court observed, the homeowners' interpretation does nothing to further the purpose of the VPL. In particular, a finding that the statute requires insurers to pay the agreed face value of the property, even if an excluded peril (flooding) causes the total loss, runs counter to the VPL's effort to link insurance recoveries to premiums paid. Such an interpretation of the statute would force the insurer to pay for damage resulting from a non-covered peril for which it did not charge a premium. Also, because

---

[22] See id.; Harvey v. Gen. Guar. Ins. Co., 201 So. 2d 689, 692 (La. Ct. App. 3d Cir. 1967); S. Produce Co. v. Am. Ins. Co., 166 So. 2d 59, 61 (La. Ct. App. 4th Cir. 1964).

[23] None of the homeowners assert claims for wind damage outside of their total loss claims under the VPL. As such, we only hold that a total loss resulting from a non-covered peril does not trigger the VPL. Our decision has no bearing on the insurers' potential liability for incidental damage to the homeowners' property by wind or any other peril covered by the relevant insurance policies.

14

the focus of the VPL is on valuation (to set the <u>amount</u> payable when there is a total loss), not on coverage, the statute signals no intent to expand coverage to excluded perils.

Contrary to the homeowners' assertion, the insurers' construction of the VPL does not render the statute meaningless. In the case of a total loss resulting from a covered peril, the VPL continues to function as a liquidated damages clause by preventing insurers from challenging the value of the insured property and guaranteeing that the homeowners receive payment corresponding to the valuation of the property that was used to calculate their premiums. In addition, the homeowners' interpretation would lead to absurd results. As the district court stated:

> If the VPL has the meaning plaintiffs ascribe to it, an insured holding a valued homeowner's policy that covered wind damage but specifically excluded flood losses could recover the full value of his policy if he lost 20 shingles in a windstorm and was simultaneously flooded under 10 feet of water. The insurer would thus have to compensate the covered loss of a few shingles at the value of the entire house. In effect, the insurer would be required to pay for damage not covered by the policy and for which it did not charge a premium. Such a result would be well outside the boundaries of any party's reasonable expectation of the operation of an insurance contract.

Moreover, we find the cases cited by the homeowners in support of their interpretation of the VPL unpersuasive. <u>Hart v. North British & Mercantile Insurance Company</u>[24] and <u>Briede v. Commercial</u>

---

[24] 162 So. 177.

15

<u>Union Assurance Company</u>[25] are both constructive total loss cases and thus, are inapplicable to the instant case, which involves claims of total loss.[26]  Furthermore, we do not consider persuasive the two Louisiana District Court cases[27] cited by the homeowners, as these unpublished cases provide no helpful analysis.[28]

Similarly, the out-of-state cases cited by the homeowners are distinguishable and we decline to follow them.  In particular, the wording of the Florida VPL is different from the Louisiana VPL and, thus, we find the Florida cases[29] relied on by the homeowners

---

[25]No. 6829, 1917 WL 1628 (La. Ct. App. Jan. 9, 1917).

[26]A "constructive total loss" occurs when a covered peril renders something economically, if not physically, useless.  <u>See</u> <u>Hart</u>, 162 So. at 180 (finding a constructive total loss when building was 75% destroyed by fire, rendering it useless, and thus, demolished by city order); <u>Briede</u>, 1917 WL 1628, *3 (building insured for $10,000 was gutted by fire, requiring $8,330 to repair it to state before fire or $10,830 to repair it to pass current code, court concluded homeowner suffered constructive total loss).

[27]In both <u>Langston v. La. Citizens Prop. Ins. Corp.</u>, No. 53-219, slip op. (La. 25th Jud. Dist. Ct., Plaquemines Parish, Feb. 8, 2007) (unpublished), and <u>Landry v. La. Citizens Prop. Ins. Corp.</u>, No. 85571, slip op. (La. 15th Jud. Dist. Ct., Vermillion Parish, Jan. 4, 2007), the court found that the homeowners were entitled to the full face value of the policies when their property was rendered a total loss by covered and excluded perils.

[28]<u>See</u> <u>State v. Williams</u>, 830 So. 2d 984, 986 (La. 2002) ("[u]npublished opinions and/or writ grants with orders should not be 'cited, quoted or referred to,' and therefore will not be considered by this Court" (citation omitted)); <u>Primrose Operating Co. v. Nat'l Am. Ins. Co.</u>, 382 F.3d 546, 565 (5th Cir. 2004) (opinions that are non-precedential under state law "do not factor into this court's <u>Erie</u> guess.").

[29]<u>See</u> <u>Fla. Farm Bureau Cas. Ins. Co. v. Cox</u>, 943 So. 2d 823 (Fla. Dist. Ct. App. 2006) (holding that insurer owed homeowners full amount of policy when they suffered a total loss, "in not insignificant part as the result of windstorm damage," although an excluded peril, water, contributed to the damage); <u>Mierzwa v. Fla. Windstorm Underwriting Ass'n</u>, 877 So. 2d 774, 775-76 (Fla. Dist. Ct. App. 2004) (holding that if the insurer "has <u>any</u> liability at all to the owner for a building damaged by a covered peril and deemed a total loss, that liability is for the face amount of the policy." (citation omitted) (emphasis in original)).

16

inapposite to the issue currently before us, which involves the interpretation of the language of the Louisiana VPL.[30]

Accordingly, the district court correctly concluded that Louisiana's VPL does not apply when a total loss does not result from a covered peril.[31]

### III.  CONCLUSION

For the aforementioned reasons, we AFFIRM the judgment of the district court dismissing the homeowners' claims.

AFFIRM.

---

[30]Compare Fla. Stat. § 627.702(1) (2003) with La. Rev. Stat. Ann. § 22.695(A).  At the time Mierzwa was decided, the Florida VPL stated, in relevant part:

> In the event of the total loss of any building, structure, mobile home . . . located in this state and insured by any insurer as to a covered peril, . . . the insurer's liability, if any, under the policy for such total loss, shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid.

Fla. Stat. § 627.702(1) (emphasis added).  The Florida legislature has since amended this statute to provide that an insurer is not responsible for damage caused by excluded perils.  See Fla. Stat. § 627.702(1)(a) (2005) (inserting the phrase "if caused by a covered peril" into Florida's VPL).

[31]In light of our recent decision in In re Katrina Canal Breaches Litigation, No. 07-30119 (5th Cir. Aug. 2, 2007), in which we vacated a judgment of the district court which held that language in some insurance policies excluding flooding was ambiguous and, thus, water damage from levee breaches was covered by insurance policies, the homeowners' request that we remand this case based on that district court decision is now moot.

17