IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

May 29, 2008

Charles R. Fulbruge III
Clerk

No.  07-30279

JOE TURK; EDITH TURK;
CHARLES G THERIOT;
BONNIE DONAHUE

Plaintiffs-Appellants

v.

LOUISIANA CITIZENS PROPERTY
INSURANCE CORP;
STATE FARM FIRE & CASUALTY CO

Defendants-Appellees

Appeal from the United States District Court for the
Western District of Louisiana, Lafayette
USDC No. 6:06-CV-00144

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellants sought a declaratory ruling interpreting Louisiana's Valued
Policy Law with respect to their homeowner's insurance policies.  The district
court granted partial summary judgment in favor of the insurance companies.
Because we are bound by our precedent, we AFFIRM and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.    BACKGROUND

Plaintiffs filed a putative class action in Louisiana state court, alleging that the members of the putative class suffered damage to their properties that were covered by homeowner's insurance policies issued by Defendants, State Farm and Louisiana Citizens Property Insurance Corporation (LA Citizens). Plaintiffs alleged that LA. REV. STAT. R.S. § 22:695, also known as the Valued Policy Law (VPL), entitled them to recover the full coverage limits of their respective insurance policies because (1) they suffered a "total loss" to their properties and (2) the loss was caused in part by the covered perils of wind or windstorm.  Each of the properties was damaged by wind and flood water from Hurricane Rita and sustained a total loss.  The homeowner policies specifically excluded coverage for flood water damage.  Plaintiffs defined the putative class as "anyone who purchased a homeowner's insurance policy and suffered a total loss with respect to their Louisiana home, any part of which was attributable to wind damage from Hurricane Rita, and was not paid the value of their policy."

On January 26, 2006, State Farm removed the case to federal district court.  Plaintiffs filed a motion for partial summary judgment and for entry of a judgment declaring that the Defendants were required to pay the full policy limits if the property was rendered a total loss or constructive total loss and the property suffered any amount of damage as a result of the peril of wind.  Subsequently, the insurers filed a cross-motion for partial summary judgment and for entry of a judgment declaring that the VPL requires an insurer to pay the full policy limits only when a property is rendered a total loss by a covered peril.

The district court denied Plaintiffs' motion for partial summary judgment and granted the insurers' cross-motion for partial summary judgment. The court held that the VPL "cannot be construed to require State Farm or LA Citizens to

pay the policy limits under their respective policies when the insured property was rendered a total loss, in whole or in part, by a non-covered peril such as flood waters, rather than in whole by a covered peril such as wind damage." The district court certified its order for interlocutory review by this Court.

II.   ANALYSIS

Appellants contend that the district court erred in holding that LA. REV. STAT. R.S. § 22:695 does not require an insurer to pay the policy limits when the property is partially damaged by a covered peril but rendered a total loss by a non-covered peril. More specifically, Appellants assert that the statute "obviates the need, after a total loss, to litigate percentages of destruction in order to assign liability between covered and excluded perils, because . . . the amount to be paid has previously been determined by the insurer."[1]

After briefing was completed in the instant case, another panel of this Court addressed the question of whether property owners were entitled to the agreed face value of their respective policies if their homes sustained partial damage from a covered peril, but a non-covered peril rendered the property a total loss. Chauvin v. State Farm Fire & Cas., 495 F.3d 232 (5th Cir. 2007), cert. denied, __ U.S. __, 128 S. Ct. 1075 (2008). In Chauvin, "the only issue . . . was whether, as a matter of law, any amount of damage caused by a covered loss, however small, triggered the VPL, even though the total loss was the result of a non-covered peril." Id. at 236 n.4. This Court concluded that "the VPL only requires an insurer to pay the agreed face value of the insured property if the property is rendered a total loss from a covered peril." Id. at 239. Chauvin

---

[1] Appellants did not argue in the district court or on appeal that the covered peril would have caused the total loss irrespective of a non-covered peril. Their position is that if there is a total loss and any amount of damage due to a covered peril, the insurers must pay the full value placed on the property.

controls the instant case, requiring this Court to affirm the district court's judgment.[2]

        AFFIRMED and REMANDED.

---

[2] Additionally, it should be noted that, subsequent to oral argument in this case, the Louisiana Supreme Court issued an opinion explaining that the "purpose of La. R.S. 22:695 is to determine valuation, accordingly it is a valuation statute and does not address causation as plaintiffs' argument presupposes." Landry v. La. Citizens Prop. Ins., Nos. 2007-C-1907 & 2007-C-1908, __ So.2d __, 2008 WL 2151827, at * 11 (La. May 21, 2008). Landry held that the VPL was rendered inapplicable by an alternative method of loss computation set forth in a supplement to the insurance policy issued in that case. The Louisiana Supreme Court explained that: "Whether the statutory valuation provisions [VPL] would require an insurer to pay the face value of the policy when a total loss is caused concurrently with a covered and a non-covered losses is irrelevant because those provisions no longer apply once a different method of loss computation is validly set forth." Id. Of course, the question deemed irrelevant is the only question that is before this Court on interlocutory review.