# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2010

No. 09-30830
Summary Calendar

Lyle W. Cayce
Clerk

MEL HIBBETS; BREAK WIND YACHT CLUB, INC.,

Plaintiff - Appellee

v.

LEXINGTON INSURANCE CO.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-5169

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Mel Hibbets ("Hibbets") and the Break Wind Yacht Club, Inc. (the "Yacht Club") appeal the dismissal of their claims against their insurer, defendant-appellee Lexington Insurance Company ("Lexington"), for violations of Louisiana's Valued Policy Law and Louisiana's insurance bad faith statutes. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30830

## I. BACKGROUND

Hibbets and the Yacht Club, the two named plaintiffs, filed a putative class action complaint (the "Original Complaint") on behalf of themselves and all other similarly situated Lexington insureds whose properties were rendered a total loss from damage resulting from Hurricane Katrina. They alleged violations of Louisiana's Valued Policy Law ("VPL"), LA. REV. STAT. ANN. § 22:695 (now LA. REV. STAT. ANN. § 22:1318). Additionally, they alleged that Lexington violated Louisiana's insurance bad faith statutes, formerly LA. REV. STAT. ANN. §§ 22:658 and 22:1220 (now §§ 22:1892 and 22:1973).

Lexington moved to dismiss the Original Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In response to Lexington's motion to dismiss, Appellants moved to file an amended class action complaint (the "First Amended Complaint"). The district court granted leave to amend. Thereafter, Lexington filed a motion to dismiss the First Amended Complaint for failure to state a claim. Given the significance of the VPL claims to the Appellants' claims and the fact that the Louisiana Supreme Court was set to hear argument in a case involving the VPL the parties filed a joint motion to administratively close the case approximately one week before the hearing date on Lexington's second motion to dismiss. The district court granted the parties' motion and administratively closed the case on February 11, 2008.

On March 17, 2009, Appellants moved to restore the case to active status on the district court's trial docket, and the court restored the case to active status by order dated March 25, 2009. Lexington filed a memorandum supplementing the grounds for dismissal of the First Amended Complaint. Appellants filed an opposition to that memorandum, and they sought leave to file a Second Supplemental and Amending Class Action Complaint (the "Proposed Second Amended Complaint"). Lexington filed a brief in reply supporting its

No. 09-30830

motion to dismiss the First Amended Complaint, and a brief in opposition to Appellants' motion for leave to file another amended complaint.

The district court granted Lexington's motion to dismiss the Appellants' First Amended Complaint and denied the Appellants' motion for leave to file the Proposed Second Amended Complaint. Although the district court denied Appellants' motion for leave to amend, it nonetheless examined their Proposed Second Amended Complaint and determined that it also did not assert any viable claims against Lexington. Undeterred, the Appellants then made another attempt to revive their claims by filing a motion for a new trial, which the district court denied because it presented neither new legal arguments nor new evidence. Appellants appeal only the district court's dismissal of their First Amended Complaint for failure to state a claim.

## II. DISCUSSION

We review de novo the grant of a 12(b)(6) motion to dismiss. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). To survive a motion to dismiss, a plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

Appellants argue that the district court erred in concluding that their First Amended Complaint failed to state a claim under Louisiana's VPL and bad faith statutes. The First Amended Complaint asserts claims against Lexington under Louisiana's VPL statute and alleges that the Appellants' properties were rendered a total loss by a peril covered under their Lexington homeowners

3

No. 09-30830

insurance policies. Louisiana's VPL statute requires an insurer to pay the agreed face value of the insured property if the property is rendered a total loss from a covered peril. LA. REV. STAT. ANN. § 22:695. While there is some question regarding whether Louisiana's VPL statute applies to homeowners insurance policies, this is a question that we need not address today. *See, e.g.*, *Landry v. La. Citizens Prop. Ins. Co.*, 07-1907 (La. 2008); 983 So. 2d 66, 74-76 n.10; *In re Katrina Canal Breaches Consol. Litig.*, 601 F. Supp. 2d 809, 825-26 (E.D. La. 2009); *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237-38 (5th Cir. 2007).

We have expressly held that the VPL does not apply to any loss partially caused by a non-covered peril. *Chauvin*, 495 F.3d at 124. In their First Amended Complaint, the named Plaintiffs, Hibbets and the Yacht Club, assert that their properties were rendered total losses "by hurricane force winds [a covered peril] and subsequent flooding [an excluded peril]." Thus, their allegations that their properties incurred wind and flood damage are insufficient to state a claim against Lexington. *See Chauvin*, 495 F.3d at 238-41. In the First Amended Complaint, Appellants defined the putative class as persons "who sustained damage to their property in connection with Hurricane Katrina" from a "covered peril" but allege no facts in support of their claims that their properties were rendered a total loss by a covered peril. A mere legal label such as "covered peril" does not raise the right to relief under the VPL above the speculative level and as a result the putative class members' VPL claims were properly dismissed by the district court as well.

The Appellants also contend that the district court erred by dismissing their Section 22:658 and 22:1220 claims. Section 22:658 requires insurers to pay in full the claim due to the insured within thirty days of receiving satisfactory proof of loss, and allows for recovery of certain penalties if the insurer's failure to pay is arbitrary, capricious, or without probable cause. LA. REV. STAT. ANN.

4

No. 09-30830

§ 22:658. Section 22:1220 imposes on insurers a duty of good faith and fair dealing and allows for recovery of damages and penalties for any claim not paid within sixty days of receipt of satisfactory proof of loss if the failure to pay is also arbitrary, capricious, or without probable cause. LA. REV. STAT. ANN. § 22:1220. The conduct prohibited by the two sections is "virtually identical": "[T]he failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause. The primary difference is the time periods allowed for payment." *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-0107 857 (La. 2003); 857 So.2d 1012, 1020 (footnote and citations omitted).

Because their VPL claims fail, in order to state a claim under Sections 22:658 and 22:1220, Appellants had to allege a viable claim against Lexington for the breach of their homeowners insurance contracts. *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221558, at *2 (E.D. La. Jan. 27, 2005) (holding that claims for penalties under sections 22:658 and 22:1220 cannot stand alone and require that there be a viable underlying claim, such as a breach of contract); *see also Clausen v. Fid. & Deposit Co. of Md.*, 95-0504 (La. App. 1 Cir. 8/4/95); 660 So. 2d 83, 85 (noting that "a plaintiff attempting to base her theory of recovery against an insurer on these statutes [§§ 22:658 and 22:1220] must first have a valid, underlying, substantive claim upon which insurance coverage is based").

We have recognized that in order to allege a valid "claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002). The Appellants' First Amended Complaint reveals that they made no reference to any specific policy provision of their homeowners insurance contract that Lexington allegedly breached. Instead, the Appellants set forth general allegations that Lexington failed "to tender an appropriate amount" and that

5

No. 09-30830

Lexington "misrepresented pertinent policy provisions." The First Amended Complaint is devoid of facts concerning when the Appellants submitted their claims to Lexington, when they were contacted by a claims adjuster, the nature of the damage to their properties, what amounts they contend that Lexington should have paid, and on what basis, other than the VPL claim, Lexington breached its contracts with them. Nevertheless, Appellants contend the First Amended Complaint contains a valid claim for breach of contract because it contained their names, insurance policy numbers, addresses for the insured properties, and a conclusory statement that they were underpaid by Lexington. These facts alone are insufficient to state a plausible breach of contract claim. *See, e.g.*, *Landavazo v. Toro Co.*, 301 F. App'x 333, 336-37 (5th Cir. 2008) (unpublished).

In addition to failing to establish the predicate breach of contract claim, the First Amended Complaint is devoid of any factual allegations which would lead us to plausibly conclude that Lexington violated Section 22:658 and 22:1220. The First Amended Complaint alleges "that Lexington has breached and continued to breach its duties of good faith and fair dealing, as well as its duty to fairly adjust claims;" that "Lexington has breached and continues to breach its duty to timely adjust claims upon satisfactory proof of loss from individual Plaintiff Class members, evidencing losses from covered perils" and "misrepresented pertinent policy provisions;" and that these actions "are arbitrary, capricious, and unsupported by any evidence" and "constitute bad faith."

These allegations are nothing more than labels and conclusions and a recitation of the language of the statutes. Simply stating a conclusory allegation that Lexington's actions were arbitrary, or that Lexington breached a duty, without providing factual allegations in support is insufficient to state a claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 194 ("Threadbare recitals of the

6

No. 09-30830

elements of cause of action, supported by mere conclusory statements, do not suffice."); *Banal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 165 (5th Cir. 1999) (rejecting conclusory allegations).  In other words, the absence of any factual allegations dooms any claim that Lexington's actions could be construed as "arbitrary, capricious or without probable cause." LA. REV. STAT. ANN. §§ 22:658(B)(1); 22:1220(B)(5).

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.